UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-60710

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Christopher Guarnizo, brings this action to address the conduct by Defendant, PFG SPECIALTY, INC., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Christopher Guarnizo,** was and is a disabled person, at all times material, and he is *sui juris*.

2. **Defendant, The Chrysalis Center, Inc. ("Chrysalis")**, is a Florida Profit Corporation, and it is *sui juris*.

3. Chrysalis's principal address is 3800 W. Broward Blvd., Suite 100, Fort Lauderdale, Florida 33312.

4. This Court has original jurisdiction over Mr. Guarnizo's claims that arise under federal law pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12101, *et seq.*, and supplemental / pendent jurisdiction over his related state law claim(s) pursuant to 28 U.S.C. §1367.

1

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Chrysalis is located within this District, and because most of the actions complained of occurred within this District.

### ***Background Facts***

6. Christopher Guarnizo was diagnosed with cancer at the age of three years old.

7. Cancer is a physical impairment that substantially limits one or more major life activities.

8. Mr. Guarnizo's cancer causes him to have a low hemoglobin count, which can sporadically recur and cause serious health problems.

9. Chrysalis is a community organization that provides behavioral health services, treatment and programs to children, adults, and families.

10. Chrysalis hired Christopher Guarnizo as a Data-Entry Specialist on November 23, 2015.

11. Chrysalis promoted Mr. Guarnizo to a Billing Specialist on August 15, 2019.

12. Due to the elevated risk of problems as a cancer survivor, Chrysalis allowed Mr. Guarnizo to work from home about a month before its other employees due to COVID 19 pandemic.

13. In September 2020, Mr. Guarnizo started developing a fever and feeling chronically fatigued.

14. After seeing several doctors over the span of two weeks, Mr. Guarnizo had a complete blood count test conducted that showed his hemoglobin was low.

15. His doctors thought he may be suffering from internal bleeding, which would require a surgical procedure to correct.

16. Mr. Guarnizo was out of work on September 17 and 18, 2020, and provided a doctor's note to Chrysalis for the medically-related absences.

17. On October 1, 2020, Mr. Guarnizo informed Chrysalis of his declining medical condition and

that he would be coming in to work late on a particular day, and would possibly need more time off in the future for an endoscopy or colonoscopy.

18. After visiting the doctor again, it was determined that Mr. Guarnizo was suffering from internal bleeding and iron deficiency anemia, and that he would need a colonoscopy.

19. Mr. Guarnizo told Chrysalis that he needed a colonoscopy, but Chrysalis never informed him that he could take FMLA leave for the time he needed to be out of work.

20. The colonoscopy was performed on October 12, 2020.

21. Mr. Guarnizo took off from work for approximately five days to recuperate following the colonoscopy.

22. However, Mr. Guarnizo had to use his paid time off for those five days because he was not offered any FMLA leave.

23. Mr. Guarnizo provided all medical documentation related to his procedure to Chrysalis's Human Resources Department.

24. On November 18, 2020, Mr. Guarnizo's supervisor, Quiana Ewing, signed a disciplinary action form which indicated Mr. Guarnizo was being terminated for time and attendance issues in October and November 2020.

25. However, the disciplinary action form was not provided to Mr. Guarnizo at that time.

26. Instead, On December 2, 2020, Mr. Guarnizo was summarily terminated while in a meeting with his department supervisors and the human resources director.

27. Mr. Guarnizo was otherwise qualified for the position of Billing Specialist, and could still perform the essential functions of his job.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

28. All conditions precedent have been performed by Mr. Guarnizo, occurred, or waived by Chrysalis.

29. Mr. Guarnizo retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

### COUNT I – DISABILITY DISCRIMINATION
### IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Christopher Guarnizo, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

30. The Americans with Disabilities Act of 1990, *see* 42.U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

31. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

32. Chrysalis was at all times material an "employer", as the term is defined by the ADA.

33. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

34. Mr. Guarnizo is disabled as a result of his long-standing cancer diagnosis, which may sporadically go into recurrence.

35. Chrysalis also "regarded" Mr. Guarnizo as disabled because they recognized he had an

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

elevated risk of developing serious complications from COVID-19 due to his cancer diagnosis, and allowed him to work from home earlier than its other employees.

36. Despite his disability, Mr. Guarnizo was still qualified to perform the functions of a Billing Specialist.

37. Chrysalis is a "covered entity" that discriminated against Mr. Guarnizo "on account of" his (perceived) disability and/or "on account of" his actual disability.

38. Mr. Guarnizo missed several days from work in October 2020 because of a complication related to his cancer recurrence.

39. Chrysalis did not engage Mr. Guarnizo in an interactive process once he informed them about his cancer recurrence and his need to take days off from work.

40. Instead, Chrysalis suddenly terminated Mr. Guarnizo's employment citing time and attendance issues.

41. Mr. Guarnizo's time and attendance issues were due to his disability.

42. Specifically, Chrysalis terminated Mr. Guarnizo because he was out of work receiving treatment related to his cancer recurrence.

43. Chrysalis's acts of omission and/or of commission as stated above violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

44. As a direct and proximate result of Chrysalis's conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

45. Chrysalis's actions have caused and will continue to cause Mr. Guarnizo to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

WHEREFORE Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **COUNT II –DISCRMINIATION IN VIOLATION OF FCRA**

Plaintiff, Christopher Guarnizo, reincorporates and re-alleges paragraphs 1-29 as though set forth fully herein and further alleges as follows:

46. The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

47. Mr. Guarnizo is a "person" as defined at Fla. Stat. §760.02(6).

48. Chrysalis is an "employer" as defined at Fla. Stat. §760.02(7).

49. Mr. Guarnizo is disabled as a result of his long-standing cancer diagnosis, which may sporadically go into recurrence.

50. Chrysalis "regarded" Mr. Guarnizo as disabled because it recognized he had an elevated risk of developing serious complications from COVID-19 due to his cancer diagnosis, and allowed him to work from home earlier than its other employees.

51. Mr. Guarnizo is, nonetheless, still qualified to perform the functions of a Billing Specialist.

52. Chrysalis was a "covered entity" that discriminated against Mr. Guarnizo "on account of" his (perceived) disability and/or "on account of" his actual disability.

53. Chrysalis did not did not engage Mr. Guarnizo in an interactive process once he informed it about his cancer recurrence and his need to take days off from work.

54. Instead, Chrysalis suddenly terminated Mr. Guarnizo's employment citing time and attendance issues in October and November 2020.

55. Any time and attendance issues that Mr. Guarnizo had in October and November 2020 were due to his disability.

56. Specifically, Chrysalis terminated Mr. Guarnizo because he was out of work receiving treatment related to his cancer recurrence.

57. As a direct and proximate result of Chrysalis' conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish as a direct and proximate result of Chrysalis's conduct.

58. Chrysalis's actions have caused and will continue to cause Mr. Guarnizo to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

WHEREFORE, Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

### COUNT III –INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE INFORMATION)

Plaintiff, Christopher Guarnizo, reincorporates and re-alleges paragraphs 1-29 as though set forth fully herein and further alleges as follows:

59. Mr. Guarnizo was eligible for FMLA leave, as he worked more than 1250 hours in each relevant 12-month period.

60. Mr. Guarnizo began suffering from internal bleeding and iron deficiency anemia, and that he would need a colonoscopy.

61. Mr. Guarnizo told Chrysalis that he needed a colonoscopy, but Chrysalis never informed him that he could take FMLA leave for the time he needed to be out of work.

62. Despite its knowledge of Mr. Guarnizo's serious medical condition, Defendant failed to notify Mr. Guarnizo of his right to take FMLA leave, and failed to provide him with any paperwork in connection with his FMLA rights.

63. Defendant further failed to notify Mr. Guarnizo that he could take extended or intermittent

FMLA leave, further interfering with Mr. Guarnizo's rights under the FMLA.

64. As a direct and proximate result of Defendant's conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.

WHEREFORE, Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Guarnizo, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of April 2022.

> s/Toussaint Cummings, Esq.
> Toussaint Cummings, Esq.
> Fla. Bar No. 119877
> toussaint@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> *Counsel for Plaintiff*