UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-60710

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC.,

    Defendant.

_____/

**<u>JOINT SCHEDULING REPORT</u>**

    Counsel for Plaintiff, Christopher Guarnizo, and for Defendant, The Chrysalis Center, Inc., after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2):

**(A)**    **The Likelihood of Settlement**

    Settlement will be explored in this case.

**(B)**    **The Likelihood of Appearance in the Action of Additional Parties**

    None.

**(C)**    **Proposed Limits on Time**

    i.<u>To join other parties and to amend the pleadings:</u> by August 29, 2022.

    ii.<u>To file and hear motions:</u> by February 27, 2023.

    iii.<u>To complete discovery:</u> by January16, 2023.

1

**(D)**   **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time.

**(E)**   **The Necessity or Desirability of Amendments to the Pleadings**

None anticipated at this time.

**(F)**   **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties will utilize admissions of fact and stipulations regarding authenticity of documents to avoid unnecessary proof.

**(G)**   **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None other than in (F), above.

**(H)**   **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

It is likely that motions concerning discovery, for costs, for attorneys' fees, for sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)**   **A Preliminary Estimate of the Time Required for Trial.**

A Preliminary estimate of the time required for trial is three to four days by jury.

**(J)**   **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

1. **Trial** – April 17, 2023
2. **Pre-trial Conference** – April 12, 2023.
3. **Joint Pre-trial Stipulation** – March 16, 2023
4. **Motion in Limine deadline** – February 27, 2023
5. **Completion of Mediation** – January 26, 2023

**(K)**   **Any Issues Regarding:**

1.   **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

The Parties agree that ESI likely exists that is subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in .pdf or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that are calculated to lead to relevant evidence, including evidence which may not be admissible but is relevant or could lead to relevant evidence. The parties agree that such discussions may be used in connection with any motion to compel.

In light of the ongoing national emergency concerning the COVID-19 pandemic, the United States District Court for the Southern District of Florida has issued general orders supporting video and teleconferencing for civil and criminal hearings in accordance with the applicable statutes and rules of the Judicial Conference of the United States. The parties stipulate that all depositions in this case within the next two (2) months will be conducted remotely via video conferencing (or telephonic conferencing if video conferencing is not reasonably available) until the Judicial Conference of the United States finds that emergency conditions due to the COVID-19 virus outbreak no longer materially affect the functioning of the Courts within the Southern District of Florida (and/or as further agreed by the parties). The deponent must appear via video, which will require an internet-enabled device with a microphone or camera, and a stable internet connection. The parties further stipulate that these depositions will be considered to have taken place in the Southern District of Florida. Other than as required by specifically designated court reporting personnel, all means of photographing, audio- or video- recording of these proceedings is prohibited. The parties will determine if there is a need to take live depositions after the two (2) month mark.

3

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared with respect to all items withheld on the basis of a claim of privilege or work product protection, except the following: written communications between a named party and its trial counsel after commencement of the action filed. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)**   <u>**Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**</u>

4

None at this time. There is no need for variance from the discovery limitations imposed

by the Local Rules and/or the Federal Rules of Civil Procedure

Dated this 22nd day of July 2022.

s/Toussaint Cummings, Esq.
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1533 Sunset Drive, Suite
150 Miami, FL 33143
(786) 448-7288
costalesgary@hotmail.com
*Counsel for Defendants*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*