UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-60710-CIV-DIMITROULEAS/HUNT

CHRISTOPHER GUARNIZO,

    Plaintiff,

v.

THE CHRYSALIS CENTER, INC.,

    Defendant.
_____/

## **REPORT & RECOMMENDATION**

This matter is before this Court on a Motion to Dismiss by Defendant The Chrysalis Center, Inc. ECF No. 18. The Honorable Marcia G. Cooke, United States District Judge, referred this Motion to the undersigned for a Report and Recommendation. ECF No. 26; s*ee also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. This action has now been reassigned to the Honorable William P. Dimitrouleas; however, the Motion remains referred to the undersigned for a Report and Recommendation. ECF No. 28. Having carefully reviewed the Motion, the Response and the Replies thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby **RECOMMENDS** that The Chrysalis Center's Motion to Dismiss be **DENIED** for the reasons stated below.

**I.    BACKGROUND**

Plaintiff Christopher Guarnizo ("Guarnizo") brought this action against Defendant The Chrysalis Center Inc. ("The Chrysalis Center") alleging: discrimination under the Americans with Disabilities Act of 1990 ("ADA") (count one), 42 U.S.C. §12101, *et seq.*; discrimination under the Florida Civil Rights Act of 1992 ("FCRA") (count two), Fla. Stat.

§760.10, *et seq.*; and interference with the Family and Medical Leave Act ("FMLA") (count three), 29 U.S.C. §2601, *et seq*.  The alleged discrimination and interference occurred while Guarnizo was employed by The Chrysalis Center.  ECF No. 4.  The Chrysalis Center moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 18.  Guarnizo filed a response in opposition and The Chrysalis Center filed a reply.  ECF Nos. 19, 20.  Guarnizo also filed a sur-reply.  ECF No. 22.  Guarnizo did not obtain leave of this Court prior to filing the sur-reply.  *See* S.D. Fla. L.R. 7.1(c) ("No further or additional memoranda of law [other than the motion, response, and reply] shall be filed and served without prior leave of Court.").  However, given the fact that The Chrysalis Center raised a new argument in its reply, the undersigned will excuse the procedural misstep.  The Motion is ripe for adjudication.

## II.    PARTIES' ARGUMENTS

The Chrysalis Center moves this Court to dismiss counts one and two—the ADA and FCRA counts—on the grounds that Guarnizo failed to exhaust his administrative remedies.  Additionally, The Chrysalis Center contends that count three—the FMLA count—should be dismissed because Guarnizo failed to allege how he was harmed by the alleged misconduct.  Further, The Chrysalis Center argues that Guarnizo cannot show that he was harmed because he took paid time-off, and as a result, was compensated for the alleged time he took off to recover from his colonoscopy.  Lastly, The Chrysalis Center asserts that Guarnizo seeks punitive and emotional distress damages, which are not allowed under the FMLA.

Guarnizo responds that The Chrysalis Center's Motion should be denied.  Guarnizo argues that, pursuant to federal law, he was not required to plead how he exhausted his remedies.  Instead, he was only required to generally plead that he satisfied

the condition precedent of exhausting his administrative remedies.  Next, Guarnizo argues that, at this stage in litigation, he is not required to plead damages to properly allege an interference claim under the FMLA.  Rather, all he is required to plead is that he qualified for FMLA leave.  Lastly, Guarnizo argues that he has pleaded a plausible cause of action, and that The Chrysalis Center's argument to the contrary is a last-ditch, catch-all argument.  Thus, Guarnizo requests that this Court deny the Motion.

The Chrysalis Center replies that Guarnizo filed his charge of discrimination past the 300-day deadline and attaches the charge of discrimination to its Reply.  The Chrysalis Center argues that Guarnizo's Complaint is devoid of any citation to the FMLA or any provision that may entitle him to an interference claim.

In regard to the charge of discrimination, Guarnizo contends that he filed his discrimination charge within the proper time frame because the adverse action he suffered was termination due to his disability, which occurred on December 2, 2020.  Guarnizo contends that the charge of discrimination was filed on August 17, 2021, well within the 300-day period.

### III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.*

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id.* at 3 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). However, unsupported allegations and conclusions of law will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679.

**IV.   DISCUSSION**

    A.   <u>Failure to Exhaust as to the ADA and FCRA Counts</u>

A plaintiff seeking relief under the ADA "must comply with the same procedural requirements to sue [that] exist under Title VII of the Civil Rights Act of 1964." *Vargas v. Fla. Crystals Corp.*, No. 16-81399-CIV-MARRA, 2017 WL 11536186, at *5 (S.D. Fla. May 30, 2017) (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999)). "This means that [the plaintiff] must have timely filed a Charge of Discrimination, received a Right to Sue letter, and timely filed this lawsuit after receiving the Right to Sue letter in order to survive [the defendant's] [m]otion to [d]ismiss." *Id.* These procedural requirements also apply to claims brought under the FCRA. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII."); *Jones v. Bk of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013) ("To exhaust administrative remedies

4

under the FCRA, a plaintiff must satisfy the requirements of Fla. Stat. § 760.11. . . . [Specifically], the aggrieved person must file a complaint with the FCHR or the EEOC within 365 days of the alleged violation.").

The Chrysalis Center argues that Guarnizo failed to exhaust his administrative remedies because he failed to attach the charge of discrimination to the amended complaint. However, The Chrysalis Center attached the charge of discrimination to its Reply and briefly argued that the charge raises questions as to whether Guarnizo has a claim at all and whether the charge was timely filed. Guarnizo counters this timeliness argument by stating that the charge of discrimination clearly states that the adverse action he suffered was termination due to his disability, which occurred on December 2, 2020. Guarnizo argues that the EEOC charge was filed on August 17, 2021, which is well within the 300-day period required. The undersigned finds that taking Guarnizo's allegations as true, the alleged adverse action was his termination, which occurred on December 2, 2020. Thus, the filing of the charge of discrimination on August 17, 2021, was within 300 days—258 days to be precise.

Turning to the merits, Guarnizo has alleged that all conditions precedent have either been fulfilled or have occurred. ECF No. 4 at ¶28. Therefore, at the motion to dismiss stage, there is no basis to find that the claims he has alleged pursuant to the ADA are premature for failure to exhaust administrative remedies. *See Vargas*, 2017 WL 11536186, at *5 (finding that a plaintiff adequately alleged that all conditions precedent have been fulfilled pursuant to the ADA by alleging generally that she "exhausted and fulfilled all conditions precedent to the institution of this action"); *see also* Fed. R. Civ. P.

9(c) ("In pleading conditions precedent, it suffices to allege *generally* that all conditions precedent have occurred or been performed.") (emphasis added).

The undersigned finds that Guarnizo has complied with the procedural requirements of the ADA, at least at this stage, by adequately alleging in his Amended Complaint that the conditions precedent have been fulfilled or have occurred. ECF No. 4 at 4 ¶28. As a result, The Chrysalis Center's Motion to Dismiss as to count one should be denied. Likewise, The Chrysalis Center's Motion to Dismiss as to count two, the FCRA count, should also be denied because the same procedural requirements that apply to an ADA claim also apply to a FCRA claim.

B. *FMLA Count*

There are two types of claims under the FMLA. *Andrews v. CSX Transp.*, No. 3:06-cv-704-J-32HTS, 2008 WL 341308, at *2 (M.D. Fla. Feb. 5, 2008). One type—the one relevant to the instant action—is an interference claim. *Id.* An interference claim occurs "where the employer burdens or denies a substantive statutory right to which the employee is entitled." *Id.* (citation omitted). "Among the substantive rights granted by the FMLA to eligible employees are the right to 12 workweeks of leave during any 12–month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee . . . and the right following leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position." *Id.* (quoting *Drago v. Jenne*, 453 F.3d 1301, 1305–06 (11th Cir. 2006)) (internal citations and quotations omitted). To establish an interference claim under the FMLA, the plaintiff must demonstrate that he or she was

6

entitled to a benefit under the Act that he or she was denied.  *Drago*, 453 F.3d at 1306; *Andrews*, 2008 WL 341308, at *2.

The Chrysalis Center contends that Guarnizo's FMLA count should be dismissed because he has not shown how he was damaged.  The Chrysalis Center cites *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 82 (2002), in support of its argument to dismiss the FMLA count.  While *Ragsdale* requires that a plaintiff must "demonstrate that [he or she] was prejudiced in some way by a defendant's alleged violation of the FMLA . . . a plaintiff 'need only demonstrate some harm remediable by either damages or equitable relief.'" *Canigiani v. Banc of Am.*, No. 17-61270-CIV-BLOOM/VALLE, 2017 WL 4390170, at *3 (S.D. Fla. Oct. 3, 2017) (quoting *Evans v. Books-A-Million*, 762 F.3d 1288, 1296 (11th Cir. 2014) and citing *Ragsdale*, 535 U.S. at 82).

Here, Guarnizo has pleaded that due to The Chrysalis Center's failure to notify him of his right to take FMLA leave he suffered economic losses, including the loss of wages and benefits.  ECF No. 4 at 8–9 ¶¶ 62–64.  The undersigned finds that these allegations are sufficient to survive a motion to dismiss.  *See id.* (finding virtually the same allegations sufficient to survive the motion to dismiss stage).  Therefore, The Chrysalis Corporation's Motion to Dismiss as to count three, the FMLA count, should be denied.

## V.  RECOMMENDATION

Based upon the foregoing, the undersigned hereby **RECOMMENDS** that The Chrysalis Center's Motion to Dismiss, ECF No. 18, be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 16th day of February 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William P. Dimitrouleas

All Counsel of Record