UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-60710-MGC

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC,

    Defendant.
_____/

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, THE CHRYSALIS CENTER, INC, by and through the undersigned counsel, hereby files and serves Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states the following in support thereof:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Christopher Guarnizo, was and is a disabled person, at all times material, and he is sui juris.

    Answer:    Denied.

2. Defendant, The Chrysalis Center, Inc. ("Chrysalis"), is a Florida Profit Corporation, and it is sui juris.

    Answer:    Admitted.

3. Chrysalis's principal address is 3800 W. Broward Blvd., Suite 100, Fort Lauderdale, Florida 33312.

    Answer:    Admitted.

1

4. This Court has original jurisdiction over Mr. Guarnizo's claims that arise under federal law pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12101, et seq., and supplemental / pendent jurisdiction over his related state law claim(s) pursuant to 28 U.S.C. §1367.

Answer: Admitted.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Chrysalis is located within this District, and because most of the actions complained of occurred within this District.

Answer: Admitted.

### Background Facts

6. Christopher Guarnizo was diagnosed with cancer at the age of three years old.

Answer: Defendant is without sufficient information to admit or deny that he had cancer at the age of three and therefore denies these allegations.

7. Cancer is a physical impairment that substantially limits one or more major life activities.

Answer: Denied.

8. Mr. Guarnizo's cancer causes him to have a low hemoglobin count, which can sporadically recur and cause serious health problems.

Answer: Denied.

9. Chrysalis is a community organization that provides behavioral health services, treatment and programs to children, adults, and families.

Answer: Admitted.

10. Chrysalis hired Christopher Guarnizo as a Data-Entry Specialist on November 23, 2015.

    Answer:    Admitted.

    11.    *Chrysalis promoted Mr. Guarnizo to a Billing Specialist on August 15, 2019.*

    Answer:    Denied.

    12.    *Due to the elevated risk of problems as a cancer survivor, Chrysalis allowed Mr. Guarnizo to work from home about a month before its other employees due to COVID 19 pandemic.*

    Answer:    Defendant denies that Plaintiff has an "elevated risk of problems as a cancer survivor" but admits that Defendant allowed Plaintiff to work from home about a month before other employees due to the COVID-19 pandemic.

    13.    *In September 2020, Mr. Guarnizo started developing a fever and feeling chronically fatigued.*

    Answer:    Defendants are without sufficient knowledge to admit or deny the allegations of ¶ 13 and therefore deny these allegations.

    14.    *After seeing several doctors over the span of two weeks, Mr. Guarnizo had a complete blood count test conducted that showed his hemoglobin was low.*

    Answer:    Defendant is without sufficient knowledge to admit or deny that Plaintiff saw "several doctors over the span of two week" and therefore deny this allegation. Defendant admits that according to medical records he had a hemoglobin count that was low, therefore that allegation is admitted upon information and belief.

    15.    *His doctors thought he may be suffering from internal bleeding, which would require a surgical procedure to correct.*

    Answer:    Denied.

    16.    *Mr. Guarnizo was out of work on September 17 and 18, 2020, and provided a doctor's note to Chrysalis for the medically related absences.*

  Answer:  Denied.

  17.  On October 1, 2020, Mr. Guarnizo informed Chrysalis of his declining medical condition and that he would be coming in to work late on a particular day, and would possibly need more time off in the future for an endoscopy or colonoscopy.

  Answer:  Defendant denies that Plaintiff informed Defendant of a "declining medical condition" but admits that on October 1, 2020 he informed Defendant that he would be clocking in late and may need time off for an endoscopy or colonoscopy.

  18.  After visiting the doctor again, it was determined that Mr. Guarnizo was suffering from internal bleeding and iron deficiency anemia, and that he would need a colonoscopy.

  Answer:  Admitted.

  19.  Mr. Guarnizo told Chrysalis that he needed a colonoscopy, but Chrysalis never informed him that he could take FMLA leave for the time he needed to be out of work.

  Answer:  Admitted.

  20.  The colonoscopy was performed on October 12, 2020.

  Answer:  Admitted.

  21.  Mr. Guarnizo took off from work for approximately five days to recuperate following the colonoscopy.

  Answer:  Denied.

  22.  However, Mr. Guarnizo had to use his paid time off for those five days because he was not offered any FMLA leave.

  Answer:  Denied.

23. Mr. Guarnizo provided all medical documentation related to his procedure to Chrysalis's Human Resources Department.

Answer: Denied.

24. On November 18, 2020, Mr. Guarnizo's supervisor, Quiana Ewing, signed a disciplinary action form which indicated Mr. Guarnizo was being terminated for time and attendance issues in October and November 2020.

Answer: Admitted.

25. However, the disciplinary action form was not provided to Mr. Guarnizo at that time.

Answer: Admitted.

26. Instead, On December 2, 2020, Mr. Guarnizo was summarily terminated while in a meeting with his department supervisors and the human resources director.

Answer: Admitted.

27. Mr. Guarnizo was otherwise qualified for the position of Billing Specialist, and could still perform the essential functions of his job.

Answer: Admitted.

28. All conditions precedent have been performed by Mr. Guarnizo, occurred, or waived by Chrysalis.

Answer: Denied.

29. Mr. Guarnizo retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

Answer: Denied.

## COUNT I –DISABILITY DISCRIMINATION
## IN VIOLATION OF TITLE I OF THE ADA

*Plaintiff, Christopher Guarnizo, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:*

Answer: Defendant readopt its previous responses.

30. The Americans with Disabilities Act of 1990, see 42.U.S.C. §12101, et seq., as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

Answer: Admitted.

31. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

Answer: Admitted.

32. Chrysalis was at all times material an "employer", as the term is defined by the ADA.

Answer: Admitted.

33. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Answer: Admitted.

34. Mr. Guarnizo is disabled as a result of his long-standing cancer diagnosis, which may sporadically go into recurrence.

Answer: Denied.

      35.      *Chrysalis also "regarded" Mr. Guarnizo as disabled because they recognized he had an elevated risk of developing serious complications from COVID-19 due to his cancer diagnosis, and allowed him to work from home earlier than its other employees.*

      Answer:      Denied.

      36.      *Despite his disability, Mr. Guarnizo was still qualified to perform the functions of a Billing Specialist.*

      Answer:      Denied.

      37.      *Chrysalis is a "covered entity" that discriminated against Mr. Guarnizo "on account of" his (perceived) disability and/or "on account of" his actual disability.*

      Answer:      Denied.

      38.      *Mr. Guarnizo missed several days from work in October 2020 because of a complication related to his cancer recurrence.*

      Answer:      Denied.

      39.      *Chrysalis did not engage Mr. Guarnizo in an interactive process once he informed them about his cancer recurrence and his need to take days off from work.*

      Answer:      Denied.

      40.      *Instead, Chrysalis suddenly terminated Mr. Guarnizo's employment citing time and attendance issues.*

      Answer:      Denied.

      41.      *Mr. Guarnizo's time and attendance issues were due to his disability.*

      Answer:      Denied.

42. Specifically, Chrysalis terminated Mr. Guarnizo because he was out of work receiving treatment related to his cancer recurrence.

Answer: Denied.

43. Chrysalis's acts of omission and/or of commission as stated above violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

Answer: Denied.

44. As a direct and proximate result of Chrysalis's conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

Answer: Denied.

45. Chrysalis's actions have caused and will continue to cause Mr. Guarnizo to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

Answer: Denied.

WHEREFORE Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

Answer: Denied.

### COUNT II –DISCRMINIATION IN VIOLATION OF FCRA

Plaintiff, Christopher Guarnizo, reincorporates and re-alleges paragraphs 1-29 as though set forth fully herein and further alleges as follows:

Answer:    Defendant readopt its previous responses.

46.    The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, et seq., prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

Answer:    Admitted.

47.    Mr. Guarnizo is a "person" as defined at Fla. Stat. §760.02(6).

Answer:    Admitted.

48.    Chrysalis is an "employer" as defined at Fla. Stat. §760.02(7).

Answer:    Admitted.

49.    Mr. Guarnizo is disabled as a result of his long-standing cancer diagnosis, which may sporadically go into recurrence.

Answer:    Denied.

50.    Chrysalis "regarded" Mr. Guarnizo as disabled because it recognized he had an elevated risk of developing serious complications from COVID-19 due to his cancer diagnosis, and allowed him to work from home earlier than its other employees.

Answer:    Denied.

51.    Mr. Guarnizo is, nonetheless, still qualified to perform the functions of a Billing Specialist.

Answer:    Denied.

52.    Chrysalis was a "covered entity" that discriminated against Mr. Guarnizo "on account of" his (perceived) disability and/or "on account of" his actual disability.

Answer:    Denied.

53. Chrysalis did not engage Mr. Guarnizo in an interactive process once he informed it about his cancer recurrence and his need to take days off from work.

Answer: Denied.

54. Instead, Chrysalis suddenly terminated Mr. Guarnizo's employment citing time and attendance issues in October and November 2020.

Answer: Denied.

55. Any time and attendance issues that Mr. Guarnizo had in October and November 2020 were due to his disability.

Answer: Denied.

56. Specifically, Chrysalis terminated Mr. Guarnizo because he was out of work receiving treatment related to his cancer recurrence.

Answer: Denied.

57. As a direct and proximate result of Chrysalis' conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed, and he suffered mental anguish as a direct and proximate result of Chrysalis's conduct.

Answer: Denied.

58. Chrysalis's actions have caused and will continue to cause Mr. Guarnizo to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

Answer: Denied.

WHEREFORE, Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish,

to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

Answer:     Denied.

## COUNT III –INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE INFORMATION)

Plaintiff, Christopher Guarnizo, reincorporates and re-alleges paragraphs 1-29 as though set forth fully herein and further alleges as follows:

Answer:     Defendant readopt its previous responses.

59.     Mr. Guarnizo was eligible for FMLA leave, as he worked more than 1250 hours in each relevant 12-month period.

Answer:     Admitted.

60.     Mr. Guarnizo began suffering from internal bleeding and iron deficiency anemia, and that he would need a colonoscopy.

Answer:     Admitted.

61.     Mr. Guarnizo told Chrysalis that he needed a colonoscopy, but Chrysalis never informed him that he could take FMLA leave for the time he needed to be out of work.

Answer:     Admitted.

62.     Despite its knowledge of Mr. Guarnizo's serious medical condition, Defendant failed to notify Mr. Guarnizo of his right to take FMLA leave, and failed to provide him with any paperwork in connection with his FMLA rights.

Answer:     Denied.

  63. *Defendant further failed to notify Mr. Guarnizo that he could take extended or intermittent FMLA leave, further interfering with Mr. Guarnizo's rights under the FMLA.*

  Answer: Denied.

  64. *As a direct and proximate result of Defendant's conduct as described above, Mr. Guarnizo incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.*

  Answer: Denied.

  *WHEREFORE, Plaintiff, Christopher Guarnizo, demands the entry of a judgment in his favor and against Defendant, The Chrysalis Center, Inc., after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting The Chrysalis Center, Inc., from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.*

  Answer: Denied.

## **DEMAND FOR JURY TRIAL**

*Plaintiff, Christopher Guarnizo, demands a trial by jury of all issues so triable.*

  Answer: Denied.

## **AFFIRMATIVE DEFENSES**

  1. Defendant asserts that Plaintiff has failed to and cannot state a cause of action for disability discrimination pursuant to the FCRA because Plaintiff is unable to show that he was terminated because of his medical condition. Plaintiff has not properly pled that he suffers from a disability. Plaintiff's Amended Complaint does not contain any allegations as to how Plaintiff's cancer, which has been in remission since childhood, is a permanent impairment that substantially limits any major life activity.

2. Defendant asserts that all employment-related decisions made with respect to Plaintiff, or which affected Plaintiff, were based on legitimate, non-discriminatory business reasons unrelated to Plaintiff's membership in a protected class.

3. Defendant asserts that it would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible reason, and thus, Defendant cannot be held liable for any monetary damages, including back pay, front pay, lost benefits, or for compensatory damages or other affirmative relief.

4. Plaintiff fails to state a claim for discrimination, as he cannot point to any similarly situated employee outside his protected class who was treated more fairly that he was treated.

5. Defendant asserts that Plaintiff's claim is bared by the doctrines of unclean hands, estoppel, waiver, and laches, and are otherwise without merit.

6. Defendant asserts that it is not liable for any alleged wrongful actions taken by its employees which were taken outside the scope and course of their duties, and which were not authorized, condoned, or ratified by Defendant.

7. Defendant asserts that it has well-established policies and procedures regarding discrimination, harassment, and retaliation. Thus, Defendant cannot be held liable for any of the conduct alleged in the Complaint to the extent Plaintiff failed to avail himself of Defendant's policies and procedures.

8. Defendant asserts that any damages suffered by Plaintiff are attributable solely to his own conduct, caused by his own acts or omissions, and not the conduct of Defendant.

9. To the extent that Defendant discover additional evidence of wrongdoing by Plaintiff, Defendant invoke the after-acquired evidence rule to limit Plaintiff's damages.

10. To the extent Plaintiff has failed to make a good faith, reasonable effort to mitigate his damages, he is precluded from recovering damages against Defendant or any such damages must be reduced by cutting-off back pay and front pay periods as of the date of such failure.

11. To the extent Plaintiff's alleged damages, if any, were caused or exacerbated by any act, or failure to act, on the part of Plaintiff, any damages awarded to Plaintiff should be reduced accordingly.

12. Defendant asserts that Plaintiff's claim for damages is subject to the limitations on damages set forth in the FCRA.

13. Defendant asserts that Plaintiff's claim is barred, in whole or in part, to the extent it exceeds the scope of the Charge of Discrimination Plaintiff filed with the EEOC/FCHR.

14. Plaintiff's claim is barred to the extent Plaintiff failed to satisfy the necessary conditions precedent and/or jurisdictional prerequisites to filing suit.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, FL 33143
(786) 448-7288
(305) 323-7274 (facsimile)
costalesgary@hotmail.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on March 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

## SERVICE LIST

*CHRISTOPHER GUARNIZO V. THE CHRYSALIS CENTER, INC*
*CASE NO.:22-CV-60710-MGC*
**United States District Court, Southern District of Florida**

Brian H. Pollock, Esq.  
E-Mail: brian@fairlawattorney.com

Toussaint Marcus Cummings, Esq.  
E-mail: toussaint@fairlawattorney.com

FairLaw Firm  
135 San Lorenzo Ave, Suite 770  
Coral Gables, FL 33146  
(305) 230-4884  
(305) 230-4844 (facsimile)  
Attorney for Plaintiff  
*Notice of Electronic Filing*

Gary A. Costales, Esq.  
Email: costalesgary@hotmail.com

Gary A. Costales, P.A.  
1533 Sunset Drive, Suite 150  
Miami, FL 33143  
(786) 448-7288  
(305) 323-7274 (facsimile)  
Attorney for Defendant  
*Notice of Electronic Filing*