UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-60710-MGC

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC.,

    Defendant.

_____/

**DFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, The Chrysalis Center, Inc., by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 33 hereby serves Defendant's First Set of Interrogatories and states the following:

1. *Identify by name, address, employer and job title the person(s) answering these interrogatories and/or providing information with which these interrogatories were answered.*

    Response:    Eduardo R. Lacasa
                      815 NW 57th Ave., Miami, Fl. 33126
                      Chrysalis Center, Inc.,
                      CAO / General Counsel

2. *Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.*

    Response:    No. However, Defendant reserves the right to supplement this response as needed.

3. *Please state the name, last known address and telephone number of each and every person, other than those listed in the above interrogatory, who you believe has information or any knowledge of the facts, events or issues relating to this action including those who you do not intend to call as a witness, and for each, please specify the nature and substance of their expected knowledge or information.*

    Response:    Jessica Vardaman

    3800 W. Broward Blvd., Ft. Lauderdale, Fl. 33312

    (786) 363-6880 x1064

    Director of People Operations at the time of hire thru termination.

    Jennifer Blue

    (954) 732-1311

    Chief People and Experience Officer at the time of hire through termination

    Quiana Barber

    3800 W. Broward Blvd., Ft. Lauderdale, Fl. 33312

    (786) 363-6880 X1083

    Direct Supervisor of Plaintiff at time of termination

4. *State the following information in regards to Plaintiff's employment with Chrysalis: (a) Date of hiring and termination of employment; (b) Job Title, Grade or salary level, and rate of pay at date of hire.*

    Response:    Plaintiff was hired or started work on November 23, 2015, was promoted to billing specialist on or about August 15, 2019 and was terminated on December 2, 2022. Defendant has provided Plaintiff with paycheck stubs that reflect his salary. Pursuant to Federal Rule of Civil Procedure 33 (d), the burden of ascertaining Plaintiff's salary level and rate of pay is the same for Plaintiff as it is for Defendant.

*5.     Who was Plaintiff's immediate supervisor at the time of his termination? Explain whether this employee had any input into the decision to terminate Plaintiff's employment.*

Response:  Quiana Barber. She reported issued with employee including falsifying time sheets, poor performance, not meeting professional standards.

*6.     Provide the names of all employees that held the same position as Plaintiff at the time of his termination. For each employee, state how long he/she worked for Defendant and whether any of them reported having any disabilities to Defendant.*

Response:     Defendant objects to this interrogatory because it calls for information that would not be relevant to Plaintiff's case.  Another employee who occupied the same position as Plaintiff would not be similarly situated based on the differences in the conduct or job performance of such individuals.   In addition, the request is not proportional to the needs of this case given the issues and the importance of obtaining such information to resolve any issue.  Jocelyn Maxeus worked for Chrysalis for approximately 5 years and was not disabled.   She is the only employee who was similarly situated to Plaintiff.

*7.     When was Chrysalis first made aware that Plaintiff had cancer or any other medical condition? How was Defendant first made aware?*

Response: The managers who made the decision to terminate Plaintiff were made aware that Plaintiff had childhood leukemia after the decision to terminate him was made and communicated to Plaintiff.

*8.     State the reason for Plaintiff's termination, and who decided to terminate Plaintiff.*
Response: The plaintiff was terminated due to violation of time and attendance policies, misrepresentation on his timesheet, and professional standards. Upon review of productivity by Supervisor and Director of department, there were days no work was conducted and days with as little as 3 hours conducted when full-time employment is 8 hours per day or 40 hours per week. Breaks and time off taken during that time were not reflected on the plaintiff's timesheet which is misrepresentation of time worked and false time keeping per Chrysalis Health policy.  The decision

to terminate Plaintiff was made by Plaintiff's Supervisor, Quina Barber, Director of the department, Lewis Woodell and Chief People and Experience Officer Jennifer Blue.

9. *How did Plaintiff violate Defendant's health policy?*

Response: The violated policy was professional standards and attendance. The plaintiff falsified his timesheet to indicate hours worked that did not match a productivity report ran by Supervisor in eCR system.

10. *Explain all specific actions by Plaintiff that Defendant referenced in its Position Statement to the EEOC that constitute the "misconduct related to time and attendance and falsification of time worked for compensation paid."*

Response: There were several days in October and November 2022 in which Plaintiff was clocked in but there was no activity on his computer whatsoever for a significant period of time or the entire day. On October 5, 2020 Plaintiff clocked in at 8:09 a.m. and there was no activity from 11:57 until 14:22. On October 7, 2020 Plaintiff clocked in at 8:24 a.m. and there was no activity from 9:40 until 11:51. On October 8, 2020 Plaintiff clocked in at 8:25 a.m. and there was no activity from 9:30 to 10:43, 10:59 to 11:59, 12:21 to 14:47. On October 13, 2020 Plaintiff clocked in at 8:32 a.m. and there was no activity from 8:50 to 10:42, 11:21 to 13:33, 13:38-14:57. On October 20, 2020 Plaintiff clocked in at 8:24 a.m. and there was no activity from 11:38 to 13:46, 13:54 to 15:14. On October 23, 2020 Plaintiff clocked in at 8:21 a.m. and there was no activity from 8:47 to 11:36, 11:36 to 14:07. On October 26, 2020 Plaintiff clocked in at 8:11 a.m. and there was no activity from 9:37 to 10:52, 10:52 to 12:15, 12:55 to 15:08. On October 28, 2020 Plaintiff clocked in at 8:47 a.m. and there was no activity from 13:00 to 15:41. On October 29, 2020 Plaintiff clocked in at 8:51 a.m. and there was no activity from 9:03 to 15:54. On October 30, 2020 Plaintiff clocked in at 10:42 a.m. and there was no activity the entire day.

Although not specifically mentioned in the EEOC position statement, Plaintiff had been counseled on several occasions for several reasons including dishonesty. Plaintiff was first formally disciplined in November 2016 for constantly watching movies and playing video games on his cellphone. He had been several verbal warnings before the writeup.

A discussion was documented in March 2017.

4

Plaintiff's supervisor discussed performance issues with Plaintiff in April 2017.

Plaintiff was put on a 30-day performance improvement plan in July 2017 and again the next month, August 2017.

On August 10, 2017 Plaintiff was written up for "two separate occurrences of dishonesty."

*11.   Identify the other employee(s) that was terminated for "misrepresentation of time worked" that Defendant referenced in its Position Statement. State the department that employee worked in, how long that employee worked for Defendant, and whether the employee made any requests for sick leave, vacation time, paid time off, FMLA leave, or any other form of leave within a year before his/her termination.*

Response:   Jocelyn Maxeus, billing specialist in the billing department was written up for the same reasons and resigned on December 1, 2020 as a result.  Maxeus is not disabled and did not miss an inordinate amount of time from work.  She had not taken FMLA leave.

*12.   Identify the employees who comprise the billing team that conducted the November 30, 2020 audit that reviewed Plaintiff's eCR login activity and payroll.*

Response: Quiana Barber and Lewis Woodell (former employee) conducted an audit after a decrease in productivity.

*13.   Explain how employees in the position of billing specialist were required to document their working hours.*

Response: Hourly employees are required to clock in and out via Paycom time and attendance system. If changes needed to be made due to error, they are to notify their Supervisor to complete the hours.

*14.   State whether Plaintiff was provided an opportunity to review/contest the November 30, 2020 billing team audit findings that concluded he misrepresented time worked. If so, describe the process that Defendant provided to Plaintiff to review/contest the audit findings, and whether Plaintiff utilized that process.*

>        Response: Yes, Quiana Barber met with Plaintiff via video conference with Lewis Woodell and Jennifer Blue.

15.     *State the specific policies, procedures, guidelines, etc., that Defendant alleges Plaintiff violated which lead to his termination.*

>        Response: Policy packet sent 11/3/22. Policies violated include Employee Agreement, Employee Misconduct in the Workplace, Professional Conduct, Time and Attendance

16.     *State whether Defendant allowed Plaintiff to work from home. If so, when did Defendant first approve Plaintiff's request to work from home and for how long was Plaintiff informed that he could work from home.*

>        Response: Yes, Chrysalis Health employees began working remotely from home approximately in March 2020 due to the COVID-19 pandemic.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829

Law Office of Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, FL 33131
Telephone: (786) 446-7288 Ext. 1001
(786) 446-7298 (direct)
Facsimile: (786) 323-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via e-mail *(toussaint@fairlawattorney.com, bridget@fairlawattorney.com, melody@fairlawattorney.com, brian@fairlawattorney.com)* to the below-named addresses on this 5th day of December 2022.

Toussaint Cummings, Esq.
Brian H. Pollock, Esq.
FAIRLAW FIRM
7300 N. Kendall Drive, Suite 450
Miami, FL 33156

/s Gary A. Costales
/s Gary A. Costales
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-60710

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC.,

    Defendant.
_____/

## **PLAINTIFF'S SECOND INTERROGATORIES**
## **TO THE CHRYSALIS CENTER, INC.**

Christopher Guarnizo, by and through his undersigned counsel, serves Plaintiff's First Interrogatories on Defendant, The Chrysalis Center, Inc. ("Chrysalis"), and requests that it respond fully and under oath, and HEREBY CERTIFIES that a true and correct copy of this document was served by email on March 9, 2023 on Gary A. Costales, costalesgary@hotmail.com, as Counsel for Defendant, Law Offices of Gary A. Costales, P.A., 1533 Sunset Drive, Suite 150, Miami, FL 33143.

                                                    s/Toussaint Cummings, Esq.
                                                    Toussaint Cummings, Esq.
                                                    Fla. Bar No. 119877
                                                    toussaint@fairlawattorney.com
                                                    FAIRLAW FIRM
                                                    Counsel for Plaintiff
                                                    135 San Lorenzo Avenue
                                                    Suite 770
                                                    Coral Gables, FL 33146
                                                    Tel:    305.230.4884
                                                    Fax:   305.230.4844

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **SECOND SET OF INTERROGATORIES TO THE CHRYSALIS CENTER, INC**

1. List all Chrysalis employees who were terminated for falsifying the time they worked/stealing time between 2017 and 2020. For each person provide the following: (1) last known address and phone number; (2) position at Chrysalis; (3) his/her supervisor at the time of termination.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**THE CHRYSALIS CENTER, INC.**

BY: _____
   As its Authorized Agent

PRINT NAME: _____

TITLE: _____

STATE OF FLORIDA        :

                       : SS.

COUNTY OF MIAMI-DADE:

Before me, the undersigned authority personally appeared _____ who, after being duly sworn, states under oath that s/he is authorized to execute the foregoing Answers to Interrogatories on behalf of THE CHRYSALIS CENTER, INC., and that they are true and correct to the best of her/his knowledge and belief. SWORN TO AND SUBSCRIBED before me this ___ day of _____, 202_, and who is personally known by me [ ] or who produced _____ as identification.

_____
Signature Notary Public – State of Florida

Print Name: _____

My Commission Expires: _____

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-60710-MGC

CHRISTOPHER GUARNIZO,

    Plaintiff,

vs.

THE CHRYSALIS CENTER, INC.,

    Defendant.
_____/

**DFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, The Chrysalis Center, Inc., by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 33 hereby serves Defendant's Second Set of Interrogatories and states the following:

1. List all Chrysalis employees who were terminated for falsifying the time they worked/stealing time between 2017 and 2020. For each person provide the following: (1) last known address and phone number; (2) position at Chrysalis; (3) his/her supervisor at the time of termination.

Response:  Defendant presumes Plaintiff is requesting this information for employees other than Plaintiff or Jocelyn Maxeus.  None.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury that the foregoing set of interrogatory responses are true and correct, to the best of my knowledge.

<u>Eduardo Lacasa</u> for The Chrysalis Center, Inc.

_____
(signature line)

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829

Law Office of Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, FL 33131
Telephone: (786) 446-7288 Ext. 1001
(786) 446-7298 (direct)
Facsimile: (786) 323-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via e-mail *(toussaint@fairlawattorney.com, bridget@fairlawattorney.com, melody@fairlawattorney.com, brian@fairlawattorney.com)* to the below-named addresses on this 10th day of April 2023.

Toussaint Cummings, Esq.
Brian H. Pollock, Esq.
FAIRLAW FIRM
7300 N. Kendall Drive, Suite 450
Miami, FL 33156

s/ Gary A. Costales
Attorney