UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-60710-MGC

CHRISTOPHER GUARNIZO,

Plaintiff,

vs.

THE CHRYSALIS CENTER, INC,

Defendant.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST SET OF INTERROGATORIES

1. Identify by full name and last known mailing address, phone number and e-mail each and every individual who has witnessed the events and/or has knowledge or information relevant to the allegations set forth in Plaintiff's Amended Complaint and Defendant's Answer and Affirmative Defenses, including but not limited to, all individuals named or referenced in Plaintiff's Amended Complaint and Interrogatory No. 1.

   **ANSWER:**
   Quiana Ewing, current or former employee of Defendant whose contact information should be in Defendant's records. Plaintiff believes Ms. Ewing is aware of Defendant's reasons for terminating his employment and Plaintiff's job performance.

   Lewis Woodell, current or former employee of Defendant whose contact information should be in Defendant's records. Plaintiff believes Mr. Woodell is aware of Plaintiff's requests for time off for medical reasons.

   Leslie Lynch, current or former employee of Defendant whose contact information should be in Defendant's records. Plaintiff believes Ms. Lynch is aware of Plaintiff's requests for time off for medical reasons.

   Jennifer Blue, current or former employee of Defendant whose contact information should be in Defendant's records. Plaintiff believes Ms. Blue is aware of Plaintiff's requests for time off for medical reasons and reasons for his termination.

      Alex Blanco, current or former employee of Defendant whose contact information should be in Defendant's records. Plaintiff believes Mr. Blanco is aware of emails that were sent.

      Dr. Paola Cintron Villa, MedFlorida Medical Center, 305-948-9595. Plaintiff believes Dr. Cintron has information relevant to his diagnoses forming the basis of his time off from work.

2. With respect to each individual identified in response to Interrogatory No. 1, describe in detail the nature and substance and specific of the knowledge or information each individual possesses.

   **ANSWER: See Response to Interrogatory #1.**

3. Identify all documents in your possession, custody, or control which support or relate to any allegation contained in your Amended Complaint, describing the document by subject, date, author, and recipient or addressee. Identify the custodian, holder or possessor of all documents identified as well as the location of any documents.

   **ANSWER: Refer to documents previously produced in Rule 26 Disclosures and Plaintiff's response to Defendant's Requests for Production. All documents are digital and are in the possession of Defendant at the time they are received.**

4. Itemize and identify all damages for which you seek a monetary recovery from the Defendant in this action, specifying separately:

a. the nature of the damages;

b. the amount of the damages; and

c. how you calculated the amount of your damages.

      **ANSWER:**

      Mr. Guarnizo made an average of $770.00 biweekly in 2020. That is an average of $385 a week. He was fired from Chrysalis on December 2, 2020 and finally found employment in the beginning of October 2021. He was out of work for 43 weeks.

43 weeks x $385/wk = $16,555.00.

Mr. Guarnizo's insurance at Chrysalis covered his medication expenses for his epilepsy (due to chemotherapy). However, Mr. Guarnizo was forced to pay for the medication out of pocket once Chrysalis fired him. The medications cost about $12,000.00.

Mr. Guarnizo is also claiming emotional distress damages, which will be awarded by a jury.

5. Please identify each document pertaining to each item of damages stated in your response to Interrogatory No. 4.
**ANSWER:**

Plaintiff's Chrysalis paystubs from 2020 show the average amount of money he made weekly.

6. Identify each person who has contacted you or any attorney or representative of yours concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

**ANSWER:**

Objection. This interrogatory is vague, confusing, and not limited in scope regarding the communications or persons sought. Furthermore, this interrogatory potentially invades the attorney-client privilege.

7. State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person, which in any way support or relate to the facts of this case or the matters alleged in the parties' pleadings. If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum, or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**ANSWER:** See response to Interrogatory #3.

8. Identify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the interrogatories contained herein.

**ANSWER:** See response to Interrogatory #3.

9. Has Plaintiff ever been arrested before? If so, give the date of the arrest, the location (city, county and state) where the arrest took place, the outcome of the arrest, the case number, the nature or name of the crime with which you were charged, and whether the crime with which you were charged was a felony or misdemeanor.

    **ANSWER: No.**

10. Has Plaintiff ever sued someone or some business or entity or has any individual or business or other entity ever sued Plaintiff? If so, please give the date that the lawsuit commenced and was terminated, the nature of the lawsuit, the city, county and state in which the lawsuit was filed and the outcome of the lawsuit.

    **ANSWER: No.**

11. Did Plaintiff receive any public assistance of any kind, or have other source(s) of income during the time that he worked for Defendant? If so, please specify the nature of the assistance or income, the amounts received, the source of the income or assistance and on what dates the income or assistance was received. Please identify all documents that pertain to such income or assistance.

    **ANSWER: No.**

12. Has Plaintiff ever filed a charge or claim (i.e. worker's compensation, unemployment, EEO charge, Department of Labor (DOL) complaint) or initiated any type of action against a current or former employer, including, but not limited to any complaint filed with OSHA, or the DOL? If so, please give the nature of the charge or claim, the date the charge or claim was filed, the city, county and state in which the charge or claim was filed and the outcome.

    **ANSWER: No.**

13. Identify all documents in your possession, custody, or control which relate to Defendant's response to Plaintiff's Amended Complaint as well as Defendant's Answer and Affirmative Defenses, or which Plaintiff intends to introduce at trial, describing the document by subject, date, author, and recipient or addressee. Identify the custodian, holder or possessor of all documents identified as well as the location of any documents.

    **ANSWER: See response to Interrogatory #3.**

14. Identify all medical practitioners and counselors, including, but not limited to, physicians, psychologists, therapists, and other physical, emotional, or mental health care providers from whom you have received consultation, treatment, and/or examination for any physical, mental, or emotional illness, injury, or condition for November 23, 2015 through the present, or for any injuries allegedly caused by Defendant. In Plaintiff's answer, please include the address of each medical practitioner or health care provider, his/her specialty area of practice, and describe briefly the reason for the service(s) and the date(s) on which the service was provided.

| Name, Address, Telephne Number | Specialty | Date of Consultation | Reasons for Visit |
|---|---|---|---|
|  |  |  |  |

ANSWER: Objection. This interrogatory is unduly burdensome. Plaintiff cannot remember all such medical professionals he encountered since November 23, 2015. Aside from the objection, see Plaintiff's medical history chart from University of Miami Health System, which documents many of his doctor's visits.

15. Describe all sources of any income Plaintiff has received for November 23, 2015 through the present and thereafter, specifying the amounts received and dates of receipt.

| Source of Income | Amount Received | Dates of Receipt |
|---|---|---|

ANSWER: See response to Interrogatory 16.

16. Identify all employers with whom Plaintiff has been employed (including self-employment) during November 23, 2015 through the present, including in the response

the name, address, and telephone number of the employer, the name and title of Plaintiff's direct supervisor, the nature of the employment, including Plaintiff's job title, the dates of employment, all income and benefits received, including any salary, commissions or bonuses, and Plaintiff's reason for leaving the employer, and identify all documents which support Plaintiff's response to this Interrogatories.

| Employer Address and Telephone Number | Plaintiff's Position | Supervisor | Dates | Income | Reason for Leaving |
|---|---|---|---|---|---|
| Mount Sinai | HR Specialist | Mark Friedman | 08/19/21 to 09/16/21 | $13/hour | Needed more Income. |
| Tiffany & Co. | Security | Marcelo Paciotti | 10/4/21-Present | $18.50/hour | Currently Employed |

17. Identify each attempt made by Plaintiff to obtain employment (as an employee, independent contractor, or otherwise), or to enter into a consulting or contract relationship with any person, business, entity, and/or identify each and every business that Plaintiff owed, partially owed, or operated for November 23, 2015 through the present. In Plaintiff's answer, please include the name, address, and telephone number of the employer or business, the manner of application (e.g. mailed or re-mailed resume, completed written application, response to request for proposals, telephone injury), the dates of application, and the results of each attempt (e.g., hired or not hired).

| Name, Address Telephone Number | Manner of Application | Dates | Result |
|---|---|---|---|
|  |  |  |  |

    ANSWER: None at this time.

18. Please provide the name, address and title of each person whom you may use as an expert witness at trial.

    ANSWER: None at this time.

19. Please state, in detail, the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

    **ANSWER: None at this time.**

## AFFIDAVIT

_____
Christopher Guarnizo (Mar 10, 2023 12:51 EST)
Christopher Guarnizo

STATE OF FLORIDA

COUNTY OF

I, Christopher Guarnizo, do hereby depose and state that the answers set forth in the foregoing interrogatories are true and correct.

SWORN AND SUBSCRIBED before me this 10th day of March, 2023.

_____
NOTARY PUBLIC, State of Florida



BRIDGET D. OBANDO
MY COMMISSION #HH286395
EXPIRES: JUL 12, 2026
Bonded through 1st State Insurance